IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| Karen K. Reese, individually and as Special Administrator of the Estate of Ralph R. Reese, Jr., deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | No. 06-1213 |
| v. | ) ) | |
| Pneumo Abex Corp. et al., | ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Before the Court is a petition to remove state court contempt proceedings against the Federal Trade Commission and an FTC Director, for failing to produce documents sought by subpoena (d/e 1). For the reasons below, the Court recommends the petition be allowed.

**Background**

In 2004, Karen Reese ("Reese"), individually and as Special Administrator of her husband's Estate, filed an action in the McClean County Circuit Court ("Circuit Court") against several corporations, based

on the death of her husband from asbestos.  In the course of that litigation, Reese tried unsuccessfully to obtain from the Federal Trade Commission ("FTC") certain "compliance reports" filed in 1949 by specific companies.

On or about August 15, 2006, having had no success pursuing out-of-court channels, Reese served subpoenas on the FTC and the National Archives demanding the compliance reports.[1]  On August 22, 2006, Plaintiff filed in the Circuit Court a Petition for Rule to Show Cause against the FTC and C. Steven Baker ("Baker")[2] for failing to comply with the subpoena.[3]  On August 22, 2006, the Circuit Court granted the petition, entering a Rule to Show Cause against the FTC and Baker.  The Order directed the FTC and Baker to appear on August 25, 2006, and show cause why they should not be punished for contempt for not complying with the subpoena.

---

[1] The parties appear to dispute exactly what steps Reese took to obtain the information and what the FTC's response was, but the dispute is not relevant to deciding whether removal is proper under 28 U.S.C. Section 1442(a).

[2] According to the Federal Trade Commission's website, C. Steven Baker is the Director of the Midwest Region of the Federal Trade Commission.  http://www.ftc.gov

[3] The Circuit Court docket shows that a Petition for Rule to Show Cause was also filed against the National Archives, but that is not before the Court.  (d/e 2, attachment #3).

The day after the Circuit Court's Rule to Show Cause Order, the United States, for the FTC and Baker (collectively, the "Government"), filed a Notice and Petition of Removal in federal district court, citing 28 U.S.C. § 1442. The petition seeks to remove the rule to show cause proceeding only, not the entire Circuit Court case.

## Analysis

Reese advances that removal is not proper because the Government offers no federal defense for refusing to provide the compliance reports. According to Reese, federal law entitles her to the reports and the Government has no legal reason for not producing them.

28 U.S.C. § 1442(a) reads in pertinent part:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court . . .:
>
>> (1) The United States or any agency thereof or any officer . . . of the United State or any agency thereof . . . for any act under color of such office . . .

Section 1442 "grant[s] district court jurisdiction over cases in which a federal officer is a defendant." Mesa v. California, 489 U.S. 121, 136 (1989). It does not, however, "independently support 'arising under'

jurisdiction." Id.  In addition to being a federal officer and acting under color of law, the federal officer must aver a "colorable federal defense" to support removal under § 1442.  Jefferson County v. Acker, 527 U.S. 423, 431 (1999); Mesa, 489 U.S. at 133-34.  Section 1442(a) is, "[a]t the very least, . . . broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law.  One of the primary purposes . . . was to have such defenses litigated in the federal courts."  Willingham v. C.A. Jarvis, 395 U.S. 402, 407 (1969).

Reese contends that the Petition's "mere reference to § 1442 is not sufficient to invoke Article III jurisdiction."  (d/e 4, ¶ 4).[4]  Reese has a point that the Petition does not set forth the Government's specific reason for denying the reports.  However, the Court believes the federal defenses asserted by the Government are apparent enough from the Petition and its attachments.  The Petition cites to State of Wisconsin v. Schaffer, 565 F.2d 961, 964 (7th Cir. 1977), for the general proposition that contempt proceedings against federal officials in state court are removable under § 1442 (where colorable federal defenses exists).  The petition also cites

---

[4]Reese does not dispute that the FTC is a federal agency, Baker a Federal officer, and the act of withholding the compliance reports was done under color of office.

Edwards v. United States Dep't of Justice, 43 F.3d 312 (7th Cir. 1994), in support of the Petition's promise to file a motion to quash.  In Edwards, the Seventh Circuit upheld removal and dismissal of show cause proceedings against the U.S. Department of Justice.  The Edwards Court also agreed that a state court subpoena had been properly quashed on sovereign immunity grounds.  43 F.3d at 317.  Additionally, Edwards approved the district court's recast of the removal action as one for judicial review under the Administrative Procedure Act (a recast to which the parties had agreed).

The Court believes the Petition's cite to Edwards and Schaffer, along with the Rule to Show Cause Order and subpoena attached to the Petition, give sufficient notice of the Government's colorable federal defense (sovereign immunity) to support removal under § 1442(a)(1).  In any event, even if the Petition should have set forth the specific federal regulation or rule justifying withholding of the reports, that omission has been corrected by the Government's reply (d/e 5).  The reply expounds in detail on the Government's federal defenses, putting to rest any questions about why the Government believes withholding the reports is justified under federal

law.  (d/e 5).[5]   See Willingham, 395 U.S. at 407 n. 3 (considering later statements that "should have appeared in petition for removal" as effectively amending petition for removal).

Reese's remaining arguments go more to whether the Government's federal defenses will succeed, not to whether the Government has colorable defenses to assert.  Jefferson County, 527 U.S. at 431 (colorable federal defense does not mean successful defense); Willingham, 395 U.S. at 407(1969)("officer need not win his case before he can have it removed."). Reese may ultimately win her argument that the Government has no valid objections to producing the reports as requested by her, but that question is not before the Court. The only question before the court is

---

[5]In its reply, the Government asserts that the reports could not be released because Reese's request did not comply with 16 C.F.R. Section 4.11(e)(3).  (d/e 5, p. 10).  See U.S. ex rel Touhy v. Ragen, 340 U.S. 462 (1951)(refusal to comply with subpoena duces tecum proper where federal regulations prohibited release without department head's prior approval); Edwards, 43 F.3d at 316 (7th Cir. 1994)("federal employee cannot be compelled to obey a subpoena . . . that acts against valid agency regulations)(citing Touhy); see also Bosaw v. Nat'l Treasury Employees' Union, 887 F.Supp. 1199, 1213-1214 (discussing how to obtain judicial review of agency's withholding of documents)(S.D. Ind. 1995); People v. Mayfield, 1999 WL 414264 *4 (N.D. Ill. 1999)(not reported in F.Supp.2d)(dismissing rule to show cause order entered in state court proceeding because required prior approval of proper department was not obtained).  The Court does not decide the merits of this argument, but only sets it forth to show that a federal defense arguably exists, making removal proper under Section 1442.

whether the Government asserts federal defenses colorable enough to allow removal under § 1442.

The Supreme Court's decision in Mesa does not support a different result. In Mesa, U.S. postal workers tried to remove state criminal prosecutions against them for traffic violations, arguing that the alleged criminal violations had occurred while they were driving mail trucks. The Supreme Court denied removal under § 1442 because there was "absolutely no federal question . . . even at issue" nor could the postal workers possibly invoke an official immunity defense to the state criminal prosecutions. 489 U.S. at 133, 139. In contrast, the Government here has several colorable federal defenses, apparent from both its Petition and reply. Section 1442 entitles the Government to have the merits of those federal defenses decided by a federal court. State of Wisconsin v. Schaffer, 565 F.2d 961, 963-64 (7th Cir. 1977)("the central and grave concern of the statute is that a Federal officer or agent shall not be forced to answer for conduct assertedly within his duties in any but a Federal forum.").

WHEREFORE, the Court RECOMMENDS that the Government's Petition for Removal be ALLOWED. Any objections to this Report and

Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1).  Failure to timely object will constitute a waiver of objections on appeal.  Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See also Local Rule 72.2.

ENTER:    October 5, 2006

s/ Byron G. Cudmore

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE