IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

Karen K. Reese, individually )
and as Special Administrator )
of the Estate of Ralph R. Reese, Jr., )
deceased, )
)
    Plaintiff, )   No. 06-1213
)
        v. )
)
Pneumo Abex Corp. et al., )
)
    Defendants. )

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

    Before the Court is a motion by the United States (d/e 8), on behalf of the Federal Trade Commission ("FTC") and C. Steven Baker (of FTC's Chicago office), to quash a subpoenas *duces tecum* and rule to show cause issued by a state court. For the reasons below, the Court recommends the motion be allowed.

### Background

    Much of the relevant background was set forth in the Court's Report and Recommendation filed October 5, 2006 (d/e 6) and is not repeated

here.  In short, Karen Reese ("Reese"), individually and as Special Administrator of her husband's Estate, requested compliance reports from the FTC, which were relevant to her state court litigation against several corporations.  Unsatisfied with the FTC's response and facing an impending trial, Reese served state court subpoenas on the FTC and the National Archives.  On August 22, 2006, the Circuit Court granted Reese's petition for rule to show cause and directed the FTC and C. Steven Baker (collectively, the "FTC") to show cause why "they should not be adjudged guilty of and punished for contempt of this Court" for failing to comply with the subpoena.  (d/e 1, Ex.2).

## Analysis

The Court agrees with the FTC that Edwards v. U.S. Dep't of Justice, 43 F.3d 312 (7th Cir. 1994) is controlling here and requires their motion be granted on sovereign immunity grounds.  In Edwards, a state court litigant sought reports from the U.S. Department of Justice that he believed were relevant to his post-conviction hearing.  The Edwards plaintiff served a state subpoena on the Department and obtained some information in response, but not the reports he was seeking.  He then obtained a rule to show cause order from the state court against the Department for failing to

produce the reports as required by the state subpoena. The Department removed the show cause proceedings to a federal district court. The district court quashed the subpoena and dismissed the show cause proceedings, "because the state court did not have jurisdiction to enforce the subpoenas." 43 F.3d 312. Pursuant to agreement by the parties in Edwards, the district court then analyzed the Department's refusal to produce the reports as a claim under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq,* (APA) and concluded that the Department had properly refused to disclose the reports. 43 F.3d at 315.

On appeal, the Seventh Circuit in Edwards approved the recast of the dispute as a claim under the APA. The Seventh Circuit agreed that the state court subpoena had been properly quashed on sovereign immunity grounds: "By originally proceeding the way [the plaintiff] did, he left the state court with no jurisdiction and subsequently the district court as well." 43 F.3d at 315. The Seventh Circuit cited with approval other cases that "have quashed the state court subpoenas or dismissed the contempt proceedings on the grounds that the court lacked the jurisdiction to enforce a subpoena against an unwilling sovereign." 43 F.3d at 317.

Reese counters that Edwards is distinguishable, because the federal government in Edwards *did* respond to the state court subpoena by producing some documents and explaining why the undisclosed reports were exempt. Reese advances that in her case, no valid agency regulation prohibits release of the compliance reports; therefore the FTC has no legal basis for not responding to her requests or to her subpoena. She concludes that, as in Edwards, the FTC should have responded to the subpoena with the compliance reports, or an explanation why it was legally prohibited from doing so.

Reese's implied argument seems to be that sovereign immunity does not protect the FTC here because the FTC did not acting pursuant to a valid agency regulation. Yet that conclusion requires a determination of whether the FTC followed its regulations, a determination that belongs in an APA claim, not in state court contempt proceedings. Accepting Reese's argument, a state court could make that determination in contempt proceedings and and then hold a non-party federal agency in contempt for failing to obey a state court subpoena. Plaintiff cites no authority for that position, nor is the Court aware of any. As Edwards recognized, sovereign immunity bars a state court from enforcing a subpoena "against an

unwilling sovereign . . . ." 43 F.3d at 317; *see also* Bosaw v. Nat'l Treasury Employees' Union, 887 F.Supp. 1199, 1210-11 (S.D. Ind. 1995); Dunne v. Hunt, 2006 WL 1371445 *4 (N.D. Ill. 2006)(slip copy, not reported in F.Supp.2d)("because the United States and its agencies are immune from state court process unless sovereign immunity has been waived, a state court lacks jurisdiction to enforce a subpoena issued to a federal official."); People v. Mayfield, 1999 WL 414264 *4 (N.D. Ill. 1999)(not reported in F.Supp.2d)(even if plaintiff had complied with *Touhy* regulation, state trial court could not force federal agent to testify; plaintiff's only remedy would be APA action in federal court).  Further, that the federal government voluntarily produced documents in response to the state subpoena in Edwards does not affect its sovereign immunity or require it to respond similarly here.[1]

The FTC offers that it "is amenable to an amendment that would transform this removal into an APA claim in federal court . . . . [t]o allow . . . [Reese] an opportunity to argue that the FTC's response was arbitrary or

---

[1] The Court notes that the plaintiff's counsel in Edwards apparently tried to work the dispute out before initiating state court contempt proceedings, by sending the subpoena to the AUSA followed by several rounds of negotiations.  43 F.3d at 315. Reese's counsel does not say whether any such attempts were made before he proceeded to obtain his show cause order in state court.  This is not relevant to the sovereign immunity analysis, but might perhaps, as a practical matter, explain the difference in the federal government's response.

capricious." (d/e 9, p. 5).[2] However, Plaintiff responds that she "is making no such request." (d/e 10, ¶2). Because Plaintiff seeks no review under the Administrative Procedure Act and offers no other legal basis for judicial review of the FTC's actions, the only question before the Court is whether the FTC's motion to quash should be granted or denied. If the motion is denied, the state court contempt proceedings will be allowed to proceed, a result precluded by sovereign immunity. Accordingly, the Court will recommend the FTC's motion be granted and this case terminated.

WHEREFORE, the Court RECOMMENDS that the Government's Motion to Quash Subpoena Duces Tecum and Dismiss Rule to Show Cause be GRANTED (d/e 8) and this case terminated.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1).

---

[2]If Reese did wish review under the APA, the record is too thin for a recommendation on that claim. For example, Plaintiff does not address whether she jumped through all the regulatory hoops for seeking the compliance reports, as forth in 16 C.F.R. § 4.11. Section 4.11 sets forth the procedures for making expedited requests under the Freedom of Information Act or pursuant to compulsory process. Further, though Reese says she has not received the compliance reports, it is not clear they still exist. The FTC maintains that, on August 29, 2006, 923 pages were produced in response to the July 2006 FOIA request, but that "additional records . . . were disposed of by an authorized destruction in 1981." (d/e 8, Ex. 1, Letter from FTC). It is not necessary to resolve these factual questions, however, since Reese does not seek to proceed under the APA.

Failure to timely object will constitute a waiver of objections on appeal.

<u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).

See also Local Rule 72.2.

    ENTER:    December 15, 2006

                                      s/ Byron G. Cudmore
                              _____
                                  BYRON G. CUDMORE
                      UNITED STATES MAGISTRATE JUDGE